UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CELESTINE GIBSON,<br><br>    Plaintiff,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER JESUS AREVALO, individually; SERGEANT MICHAEL HNATUICK, individually; and LIEUTENANT DAVID DOCKENDORF, individually,<br><br>    Defendants. | Case No.: 2:12-cv-00900-GMN-CWH<br><br>**ORDER** |

  Pending before the Court is the Motion to Dismiss (ECF No. 6) filed by Defendant Las Vegas Metro Police Department ("LVMPD"). Defendants Jesus L. Arevalo, Michael Hnatuick, and David Dockendorf (collectively, "Officer Defendants")[1] filed Joinders to that Motion (ECF Nos. 7-9.) Plaintiff Celestine Gibson ("Plaintiff") filed a Response. (ECF No. 20.) LVMPD filed a Reply (ECF No. 22) and the Officer Defendants filed Joinders to that Reply (ECF Nos. 24-26.)

**I. BACKGROUND**

  This case arises from an incident that occurred in the early hours of December 12, 2011. (Compl. ¶ 11, ECF No. 1.) Upon arriving at the scene, the Officer Defendants observed Stanley LaVon Gibson ("Mr. Gibson") in his white Cadillac. (*Id.* at ¶ 14.) Earlier that evening, on December 11, 2011, LVMPD had officers responded to a reported attempted break-in. (Id.

---

[1] For the sake of convenience, the Court refers to LVMPD and the Officer Defendants collectively as "Officer Defendants."

at ¶¶ 13-14.)  Pursuant to their investigation, the officers approached the Cadillac. (*Id.* at ¶ 17.)  In response to the officers' conduct, Mr. Gibson allegedly attempted to leave the scene. (*Id.* at ¶17.)  The Complaint alleges that officers "pinned [Mr. Gibson's] car to prevent it from moving." (*Id.* at ¶ 17.)  Despite the officers' instructing Mr. Gibson to exit his vehicle, Mr. Gibson remained inside the Cadillac. (*Id.* at ¶ 18.)  For thirty (30) minutes, the Officer Defendants repeatedly requested that Mr. Gibson leave his vehicle. (*Id.* at ¶ 19.)  Eventually, the Officer Defendants formulated a plan to remove Mr. Gibson from his vehicle. (*Id.* at ¶¶ 20-21.)  However, during the implementation of the plan, one of the Officer Defendants fired his rifle and fatally wounded Mr. Gibson. (*Id.* at ¶¶ 23-25.)

In response to this incident Mr. Gibson's mother, Plaintiff Celestine Gibson ("Plaintiff"), filed this action alleging that this incident resulted in a violation of her fundamental right to familial association, a right secured to her by the Fourteenth Amendment of the United States Constitution. (*Id.* at ¶¶ 67, 78, 94, 111.)  Plaintiff asserts this claim against three individual LVMPD officers that were involved in the incident: Jesus Arevalo, Sergeant Michael Hnatuick, and Lieutenant David Dockendorf. (*Id.* at ¶¶ 6-8.)  Plaintiff also seeks to hold LVMPD liable for the alleged official policies that resulted in a deprivation of her fundamental right to familial association. (*Id.* at ¶ 73.)

On July 23, 2012, Defendants filed the instant motion, seeking to have Plaintiff's complaint dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (ECF No. 6)  Plaintiff opposed that motion. (ECF No. 20.)  Additionally, following the release of "(1) the Department of Justice Community Oriented Policing Services ("COPS") and (2) [t]he Consortium for Police Leadership in Equity ("CPLE")," Plaintiff filed a Motion to Amend/Correct Complaint to add the "flaws in the training policies, practices, and customs of the [LVMPD]" that were outlined by these reports. (Mot. to Amend 2:2-5, ECF No. 45. *See generally* Mot. to Amend, ECF No. 45.)

## II. LEGAL STANDARD

### A. Motion to Dismiss

Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. *See North Star Int'l v. Arizona Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the Court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986).

The Court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is *plausible*, not just possible. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555) (emphasis added).

A court may also dismiss a complaint pursuant to Federal Rule of Civil Procedure 41(b) for failure to comply with Federal Rule of Civil Procedure 8(a). *Hearns v. San Bernardino Police Dept.*, 530 F.3d 1124, 1129 (9th Cir.2008). Rule 8(a)(2) requires that a plaintiff's complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Furthermore, the Supreme Court has already rejected any sort of "heightened" pleading requirement for § 1983 municipal liability claims because such a heightened pleading standard cannot be "square[d] . . . with the liberal system of 'notice leading' set up by the Federal Rules." *Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 164 (1993).

### B. Motion to Amend

Once the time period in Rule 15(a)(1) of the Federal Rules of Civil Procedure to amend as a matter of course has passed, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). However, Rule 15(a)(2) further instructs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962).

## III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins,* 487 U.S. 42, 48 (1988). Additionally, if a plaintiff is seeking to establish that a municipal entity is liable for the alleged violation, then that plaintiff must also establish that the alleged violation was attributable to the enforcement of a municipal custom or policy. *Monell v. Dep't of Soc. Servs*, 436 U.S. 658, 690 (1978) ("Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers").

Thus, to survive a motion to dismiss, Plaintiff must have asserted facts making each of the following elements plausible: (1) a violation of the Constitution or federal law occurred; (2) that Defendants' acted under the color of law; (3) the action that constituted the violation was taken pursuant to an official "policy statement, ordinance, regulation, or decision. Because

Defendants concede that, for the purposes of its Motion to Dismiss, they acted under color of law, (Def.'s Mot. 12:10-11, ECF No.6), the Court discusses only the remaining three elements below.  For the reasons discussed below, the Court finds that Plaintiff's original complaint adequately pleaded each of these elements.  Accordingly, Defendants' Motion to Dismiss will be **DENIED**.

### A. Constitutional Violation

"The Ninth Circuit recognizes that a parent has a constitutionally protected liberty interest under the Fourteenth Amendment in the companionship and society of his or her child . . .." *Curnow v. Ridgecrest Police*, 952 F.2d 321, 325 (9th Cir. 1991); *see also Porter v. Osborn*, 546 F.3d 1131, 1136 (9th Cir. 2008).  Plaintiff's original complaint alleges that Defendants' actions violated Plaintiff's fundamental right of familial association. (Compl. ¶¶ 70-79, ECF No. 1.)  Specifically, Plaintiff alleges that, as Mr. Gibson's mother, she "possess[ed] a Fourteenth Amendment substantive due process right to a familial association with [Mr. Gibson] based on her right and interest in liberty, of which she was deprived." (*Id.* at ¶ 72.)

In their Motion to Dismiss, Defendants concede that "under federal law, Celestine possesses a liberty interest arising out of her relationship with Stanley." (Def.'s Mot. 2:10-11, ECF No. 6)  They merely point out that "her legal burden in pleading such a claim is extremely high." (*Id.*at 11-12).  Defendants are correct.  To plead that such a violation of Plaintiff's substantive due process has occurred, Plaintiff must plead facts that, when taken as true, establish that the LVMPD officers' conduct on December 12, 2011 "shocked the conscience." *See Crowe v. Cnty. of San Diego*, 608 F.3d 406, 431 (9th Cir. 2010) (citing *Rochin v. California*, 342 U.S. 165, 172 (1952)); *Porter*, 546 F.3d at 1137 ("The Supreme Court has made it clear . . . that only official conduct that 'shocks the conscience' is cognizable as a due process violation").  To successfully plead that Defendants' conduct "shocked the conscience,"

Plaintiff must plead facts establishing that Defendants acted with deliberate indifference *or* acted with a purpose to harm Mr. Gibson for reasons unrelated to legitimate law enforcement objectives. *Cnty of Sacramento v. Lewis*, 523 U.S. 833, 853 (1998). The "purpose to harm" standard applies only when "unforeseen circumstances demand an officer's instant judgment." *Id.* In contrast, "deliberate indifference" is the appropriate standard when the official has the "luxury . . . of having time to make unhurried judgments. . . ." *Id.* Thus, to successfully plead a violation of her fundamental right to familial association under the Fourteenth Amendment, Plaintiff may plead either or both standards.

In this case, Plaintiff alleges facts that plausibly establish that "deliberate indifference" is the appropriate standard. Plaintiff need not *prove* that this standard is appropriate to survive a motion to dismiss. Plaintiff need only satisfy the plausibility pleading standard. For the reasons discussed below, Plaintiff's Complaint adequately pleads that Defendants violated her Constitutional rights. *See Leatherman v. Tarrant Cnty. Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 168 (1993) (rejecting a "heightened pleading standard" in the context of section 1983 claims); *Skaff v. Meridien N. Am. Beverly Hills, LLC*, 506 F.3d 832, 841-42 (9th Cir. 2007) (citing *Leatherman* as continued evidence of the Supreme Court's instruction that federal courts must not impose heightened pleading standards "in the absence of an explicit requirement in a state or federal rule"). In her complaint, Plaintiff pleads that Defendants had the opportunity to make "unhurried judgments" and, nevertheless, acted with deliberate indifference to the life of Stanley Gibson. For example, Plaintiff alleges that, during the incident that resulted in Mr. Gibson's death, Mr. Gibson remained in his car for "approximately thirty (30) minutes." (Compl. ¶ 19.) Additionally, Plaintiff alleges that, during this thirty minute period, police vehicles were positioned around Mr. Gibson's vehicle such that it was "pinned" and "prevent[ed] . . . from moving." (*Id.* at ¶ 17.) Moreover, Plaintiff repeatedly alleges that this incident "unfolded over a period of thirty (30) minutes. [Mr. Gibson] was

stationary in his vehicle.  The situation was controlled.  There were no changing circumstances during which the Defendants had to determine the type and amount of force that appeared to be necessary." (*Id.* at ¶ 59; *see also id.* at ¶¶ 86, 103.)  Indeed, Plaintiff not only alleges that Defendants had the opportunity to deliberate, but Plaintiff also alleges that Defendants actually "deliberated on a plan that included pointing an assault rifle at [Mr. Gibson]." (*Id.* at ¶ 64.) Finally, Plaintiff alleges that Defendants' actions resulted in the death of her son, Mr. Gibson, and, thus, deprived her of her fundamental right of familial association, a right secured by the Fourteenth Amendment. (*Id.* at ¶ 67.)

Defendants, on the other hand, rely on numerous Ninth Circuit cases for the proposition that Plaintiff must establish the "purpose to harm" standard.  However, the Ninth Circuit decisions on which Defendants rely involve rulings at the summary judgment stage of litigation; these decisions do not address the pleading standard currently at issue. *See Wilkinson v. Torres*, 610 F.3d 546, 555 (9th Cir. 2010) (holding that the district court incorrectly denied the officers' motion for summary judgment); *Porter v. Osborn*, 546 F.3d 1131, 1141-42 (9th Cir. 2008) (reversing the district court's denial of the officers' motion for summary judgment). For these reasons, Defendants' assertions fail to persuade the Court that Plaintiff's original complaint is insufficient.  Accordingly, the Court finds that Plaintiff's original complaint alleges a violation of a right secured to her by the Constitution of the United States of America. Defendants' assertions fail to persuade the Court otherwise.

**B.     The official "policy statement, ordinance, regulation, or decision"**

In the Ninth Circuit, "a claim of municipal liability under [section] 1983 is sufficient to withstand a motion to dismiss even if the claim is based on nothing more than a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice." *AE ex rel. Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 636 (9th Cir. 2012) (citation omitted). Plaintiff's complaint certainly satisfies this standard.  In fact, not only does the Complaint

include "a bare allegation that the individual officers' conduct conformed to official policy, custom, or practice," but the Complaint also alleges numerous municipal policies that ultimately caused the alleged constitutional deprivation. (*See* Compl. ¶¶ 27-42, ECF No. 1.)

Defendants, on the other hand, repeatedly emphasize that Plaintiff's *Monell* claim must fail because her claims refer only to "[LVMPD]'s unconstitutional policies, practices, and customs that caused Stanley LaVon Gibson's Death." (Mot. to Dismiss 12:19-22, ECF No. 6 (citing Compl. ¶¶ 27-52, ECF No. 1).) What Defendants apparently fail to appreciate is that the acts alleged by Plaintiff to have caused the death of Mr. Gibson are the same acts that resulted in the deprivation of Plaintiff's fundamental and constitutionally protected right to familial association.

Defendants also assert that the alleged unconstitutional policies relate only to "LVMPD's use of force and, therefore are only relevant to [Mr. Gibson's] potential Fourth Amendment excessive force claim." (Mot. to Dismiss 13:8-10, ECF No. 6.) Once again, this argument fails to recognize that the alleged unconstitutional policies regarding (1) how LVMPD handles officer involved shootings; (2) when and how LVMPD allows rifle deployment; and (3) officer use of force in general, could plausibly implicate Plaintiff's fundamental right to associate with her son. For these reasons, the Court finds Defendants' arguments unpersuasive. Thus, the Court finds that Plaintiff's complaint adequately sets forth a *Monell* claim.

### IV. <u>MOTION TO AMEND</u>

Plaintiff also filed a Motion to Amend her original complaint to include "[n]ewly discovered facts issued by both (1) the Department of Justice Community Oriented Policing Services ("COPS") and (2) [t]he Consortium for Police Leadership in Equity ("CPLE")." (Mot. to Amend 2:2-5, ECF No. 45.) Specifically, these studies "outline several flaws in the training, policies, practices, and customs of the [LVMPD]." (*Id.*) Furthermore, these studies were published after Plaintiff filed her initial complaint; "[t]he Department of Justice issued its report

on October 2012 [and] [t]he CPLE issued its report on January 2013." (Mot. to Amend 2:9-10, ECF No. 45.)

Rule 15(a)(2) of the Federal Rules of Civil Procedure directs that courts "should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). "In the absence of any apparent or declared reason-such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.-the leave sought should, as the rules require, be 'freely given.'" *Foman v. Davis*, 371 U.S. 178, 182 (1962). Furthermore, Rule 7-2(d) of the Local Rules of Practice for the United States District Court for the District of Nevada provides that "[t]he failure of an opposing party to file points and authorities in response to any motion shall constitute a consent to the granting of the motion." D. Nev. R. 7-2(d).

First, the Court finds no evidence of undue delay or bad faith. Second, given the Court's finding that Plaintiff's original complaint survives Defendants' Motion to Dismiss, the amendment is certainly not futile. Accordingly, the Court grants Plaintiff's Motion to Amend.

## V.     CONCLUSION

**IT IS HEREBY ORDERED** that Defendants' Motion to Dismiss (ECF No. 6) is **DENIED**.

**IT IS FURTHER ORDERED** that Plaintiff's Motion to Amend/Correct Complaint (ECF No. 45) is **GRANTED**.

**DATED** this 7th day of March, 2013.

_____
Gloria M. Navarro
United States District Judge