Parker | Scheer Lagomarsino
ANDRE M. LAGOMARSINO, ESQ.
Nevada State Bar No. 6711
DANIEL M. RYAN, ESQ.
Nevada State Bar No. 12485
9555 South Eastern Avenue, Suite 210
Las Vegas, Nevada 89123
Phone: (702) 383-2864
Fax: (702) 383-0065
andre@parkerscheer.com
*Attorney for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| CELESTINE GIBSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CASE NO: 2:12-cv-00900-GMN - (CWH) |
| | ) |
| LAS VEGAS METROPOLITAN POLICE | ) **ORDER ON DOCUMENT #48, 49, 51** |
| DEPARTMENT, a political subdivision of the State | ) |
| of Nevada; OFFICER JESUS AREVALO, | ) **[PROPOSED]** |
| individually; SERGEANT MICHAEL | ) |
| HNATUICK, individually; and LIEUTENANT | ) |
| DAVID DOCKENDORF, individually | ) |
| | ) |
| Defendants. | ) |

## PROCEDURAL BACKGROUND

1. On February 2, 2012, Plaintiff filed a Motion to Compel (Document # 48) interrogatory responses and documents pertaining to the investigation of the shooting of Stanley Gibson from Defendant Las Vegas Metropolitan Police Department (hereinafter "LVMPD").

2. On February 26, 2013, Plaintiff filed a Second Motion to Compel (Document # 49) additional interrogatory responses and documents pertaining to the investigation of the shooting of Stanley Gibson from Defendant LVMPD.

3. On March 4, 2013, Plaintiff filed a Motion to Compel (Document # 51) documents pertaining to the criminal investigation of the shooting of Stanley Gibson from the Clark County District Attorney's Office (hereinafter "DA").

4. Defendant LVMPD opposed Plaintiff's Motion to Compel and Plaintiff's Second Motion to Compel. *See* Documents # 50, 57.

5. Plaintiff replied to Defendant LVMPD's opposition. *See* Documents # 55, 63.

6. The DA opposed Plaintiff's Motion to Compel. *See* Document # 74.

7. Plaintiff replied to the DA's Response. *See* Document # 75.

8. On April 19, 2013, the Honorable United States Magistrate Judge Carl W. Hoffman heard oral argument pertaining to the aforementioned Motions. Andre M. Lagomarsino, Esq., and Daniel M. Ryan, Esq., appeared on behalf of the Plaintiff. Craig R. Anderson, Esq., appeared on behalf of Defendant LVMPD. Robert W. Freeman, Esq., appeared on behalf of Defendant Officer Jesus Arevalo. Stacy D. Harrop, Esq., appeared on behalf of Defendant Michael Hnatuick. Sean D. Lyttle, Esq., appeared on behalf of the Defendant David Dockendorf. Barter Pace, Esq., appeared on behalf of the DA. Also present in the courtroom was Martina Geinzer on behalf of LVMPD's Risk Management Department.

### FINDINGS OF FACT

1. Plaintiff served Defendant LVMPD with Requests for Production and Interrogatories in the course of this litigation.

2. Defendant LVMPD responded to said discovery, and in so doing asserted a number of privileges and other objections.

3. Dissatisfied with Defendant's responses, Plaintiff filed the instant Motions to Compel and Request for Sanctions.

4. After Plaintiff replied to LVMPD's oppositions to Plaintiff's Motion to Compel and Second

Motion to Compel, additional documents were supplemented by LVMPD to the Plaintiff.

5. However, despite the supplement, Plaintiff alleges that requested discovery has still yet to be provided by the Defendant.

**Plaintiff's Motion to Compel (Document # 48)**

1. Plaintiff asserts that the Defendant's responses were deficient as to the following Requests for Production and Interrogatories:

2. Plaintiff's Interrogatory #2 provides the following: "Please identify and list all LVMPD Officers and personnel present at the incident involving Stanley Gibson."

3. Plaintiff's Interrogatory #4 provides the following: "Please identify by name and contact information all persons who participated in an investigation of the incident that forms the basis of Plaintiff's Complaint."

4. Plaintiff's Interrogatory # 5 provides the following: "State the name of the individual(s) who formulated, and/or approved, and/or implemented the plan which consisted of an officer discharging a round of bean bags from a shotgun in an effort to break the car's window in the incident involving Stanley Gibson on December 12, 2011."

5. Plaintiff's Interrogatory #12 provides the following: "Identify by make, the type, and the size of the bullet used in Officer Juses Arevalo's weapon that killed Stanley Gibson."

6. Plaintiff's Request for Production #6 provides the following: "Please produce any written or recorded statements, summaries of statements, and written or recorded reports made by any party, witness, investigator, adjuster, or any person with knowledge of the incident that is the subject of this litigation. For any claim of attorney client privilege, please provide a privilege log."

7. Plaintiff's Request for Production # 7 provides the following: "Please produce all reports and memoranda rising to the incident involving the officer-involved shooting of Stanley Gibson.

For any claim of attorney client or work product privilege, provide a privilege log."

**Plaintiff's Second Motion to Compel (Document # 49)**

1. Plaintiff asserts that the Defendant's responses were deficient as to the following Requests to Produce and Interrogatories:

2. Plaintiff's Request for Production #9 provides the following: "Provide all 'write-ups,' reprimands, warnings, demotions and all other disciplinary actions taken against each respective employee labeled in this request: (a) Officer Jesus Arevalo; (b) Sergeant Michael Hnatuick; and (c) Lieutenant David Dockendorf."

3. Plaintiff's Request for Production #15 provides the following: "Produce a copy of the Internal Affairs documents involving Jesus Arevalo."

4. Plaintiff's Request to Produce #16 provides the following: "Copies of all Use of Force Reports filed be members of the Las Vegas Metropolitan Police Department from January 1, 2002, to the present."

5. Plaintiff's Request to Produce #19 and 20 respectively provide as follows: "All documents in Defendant Las Vegas Metropolitan Police Department's possession, excluding attorney client or work product privileged documents, concerning Stanley LaVon Gibson...."; "All documents concerning any interaction Las Vegas Metropolitan Police Department officers had with Stanley LaVon Gibson prior to December 12, 2011."

6. Plaintiff's Request to Produce #21 provides the following: "All 911 recordings within Las Vegas Metropolitan Police Department's possession concerning any interaction Las Vegas Metropolitan Police Department had with Stanley LaVon Gibson prior to December 12, 2011."

7. Plaintiff's Request for Production #23 provides the following: "Provide all investigative documents relating to the shooting of unarmed subjects in the following years: 2007, 2008,

2009, 2010 and 2011."

8. Plaintiff's Request for Production #24 provides the following: "Provide all dispatch recordings relating to the shooting of unarmed subjects in the following years: 2007, 2008, 2009, 2010 and 2011."

9. Plaintiff's Request for Production #25 provides the following: "Provide all documents relating to the Las Vegas Metropolitan Police Department officer involved shootings references on page 11, third paragraph, of the Deadly Force Statistical Analysis 2010-2011, attached hereto as Exhibit A."

10. Plaintiff's Interrogatory #11 provides the following: "Identify by name and rank the Las Vegas Metropolitan Police Department officers references on page 11, third paragraph, of the Deadly Force Statistical Analysis 2010-2011, attached hereto as Exhibit A."

11. Plaintiff's Request for Production #27 provides the following: "Provide all dispatch recordings relating to concerning long gun (rifle and shotgun) shootings by Las Vegas Metropolitan Police Department officers in the following years: 2007, 2008, 2009, 2010 and 2011."

12. Plaintiff's Request for Production #28 provides the following: "Provide all investigative documents involving Las Vegas Metropolitan Police Department officer involved shooting where "bean bag" shot gun rounds were used in the following years: 2010 and 2011."

13. Plaintiff's Request for Production #29 provides the following: "Provide all dispatch recordings related to officer involved shooting where "bean bag" shot gun rounds were used in the following years: 2010 and 2011."

14. Plaintiff's Request for Production #31 provides the following: "Produce all investigative documents concerning the shooting of Trevan Bertwane Cole."

15. Plaintiff's Request for Production #32 provides the following: "Produce all investigative

documents concerning the shooting of Orlando Barlow."

**Plaintiff's Motion to Compel Investigative Documents from the Clark County District Attorney's Office (Document #51)**

1. On February 8, 2013, Plaintiff served a subpoena upon the DA's office asking them to produce all documents relating to the shooting of Stanley Gibson.

2. The DA's office responded to the subpoena in a letter written to Plaintiff on February 20, 2013, asserting a number of privileges and objections as to Plaintiff's requested documents.

3. Dissatisfied with the DA's response, Plaintiff filed a Motion to Compel.

## CONCLUSIONS OF LAW

1. IT IS HEREBY ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Compel (Document #48) is GRANTED IN PART and DENIED IN PART.

2. In regards to Plaintiff's Interrogatory #2, Defendant LVMPD provided a supplemental response identifying the Disclosure Statement and Bates # where Plaintiff could ascertain this information. The Court holds that Defendant LVMPD's response as to Interrogatory #2 is sufficient.

3. In regards to Interrogatory # 4, the Court holds that Plaintiff's request was vague and grants Plaintiff leave to serve a supplemental Interrogatory requesting the identity of the individuals who worked on the internal policies and procedures of the investigation, as well as a supplemental interrogatory requesting, to LVMPD's knowledge, the identity of the individuals from the DA who conducted the criminal investigation of the shooting of Stanley Gibson.

4. In regards to Interrogatory #5, the Court holds that Defendant LVMPD's response is deficient and it must supplement and provide a verified response indicating, to its knowledge, the identities of the individuals who formulated, approved and/or implemented the plan.

Plaintiff may also serve interrogatories on the individuals named by LVMPD in its disclosures and ask them directly whether they formulated, approved and/or implemented the plan.

5. In Regards to Request #6, Mr. Anderson, counsel for LVMPD, represented that there is an ongoing investigation by LVMPD pertaining to the shooting of Stanley Gibson, and that the Use of Force Report will be disclosed to the Plaintiff upon its completion. Furthermore, the Court heard argument from Martina Geinzer, litigation manager for LVMPD, and is satisfied that the Risk Management Division of LVMPD did not create any internal documents pertaining to the shooting of Stanley Gibson. However, should additional discovery indicate otherwise, the Court may be willing to entertain a request for sanctions made by Plaintiff.

6. In regards to Interrogatory # 12, the Court holds that Defendant LVMPD's response is deficient and it must supplement and provide a verified response indicating its knowledge of the make, type and size of the bullet.

7. In regards to Plaintiff's Request for Production #7, the Court holds that there is an ongoing investigation being conducted by LVMPD pertaining to the shooting of Stanley Gibson, and due to the status of the investigation as ongoing, the Court further finds that LVMPD must supplement its response once the investigation is completed. Moreover, the Court will entertain a prospective motion/stipulation to extend the discovery deadlines due to the aforementioned circumstances.

8. In regards to Plaintiff's Request for Sanctions, the Court denies said request as it finds there was an ongoing investigation by the DA surrounding the shooting of Stanley Gibson, and said investigation provided substantial justification for the delay in defendant LVMPD's responses to Plaintiff's discovery requests in this matter.

9. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's Second Motion

to Compel (Document #48) is GRANTED IN PART and DENIED IN PART.

10. In regards to Request for Production #9, the Court holds that Defendant's LVMPD's response is deficient and it must provide documents related to a disciplinary action against Arevalo in 2011 dealing with a warrantless arrest issued during a domestic violence investigation. Defendant LVMPD may produce the documents pursuant to the Protective Order that is already in place. *See* Document #36. Furthermore, Defendant LVMPD must expedite these records as Plaintiff needs to review and evaluate the same prior to depositions scheduled the week of April 22, 2013. Counsel for Defendant has agreed to produce the same within two (2) weeks from the date of the instant hearing.

11. In regards to Request for Production #14, the Court holds that it will evaluate those records *in camera* to determine the relevance of the same. Defendant LVMPD is to provide those records to the Court during the week of April 22, 2013.

12. In regards to Plaintiff's Request to Produce #16, the Court finds it is overbroad. Counsel for the parties may meet and confer to limit the scope of the Request.

13. In Regards to Plaintiff's Request to Produce #19 and 20, the Court holds that the Defendant must provide those documents to the Plaintiff subject to the protective order. *See* Document #36.

14. In Regards to Plaintiff's Request to Produce #21, the Court holds that the Defendant must provide those records to the Plaintiff. Defendant must ascertain the existence of said records and disclose them pursuant to the Protective Order. *See* Document #36.

15. In regards to Plaintiff Request for Production #23, the Court holds that that Defendant LVMPD must disclose these documents. The Court further holds that these documents include, but are not limited to, the documents that LVMPD previously provided to the Las Vegas Review Journal.

16. In regards to Plaintiff's Request for Production #24, the Court holds that Plaintiff's Request is overbroad, but that Plaintiff may supplement the Request with more specificity in the future.

17. In regards to Plaintiff's Request for Production #25, the Court holds that these documents are relevant and LVMPD must produce the documents it has provided to the Review Journal and identify which documents within the same are responsive to Plaintiff's Request.

18. In regards to Plaintiff's Interrogatory #11, the Court holds that Defendant LVMPD's response is deficient and it must supplement its response to provide the name and rank of the officers.

19. In regards to Plaintiff's Request for Production #27, the Court holds that Plaintiff's Request is overbroad, but that Plaintiff may supplement the Request with more specificity in the future.

20. In regards to Plaintiff's Request for Production #28, the Court holds that these documents are relevant and LVMPD must produce the documents it has provided to the Review Journal and identify which documents within the same are responsive to Plaintiff's Request.

21. In regards to Plaintiff's Request for Production #29, the Court holds that Plaintiff's Request is overbroad, but that Plaintiff may supplement the Request with more specificity in the future.

22. In regards to Plaintiff's Request for Production #31, the Court holds that these documents are relevant and LVMPD must produce the documents it has provided to the Review Journal and identify which documents within the same are responsive to Plaintiff's Request.

23. In regards to Plaintiff's Request for Production #32, the Court finds that these documents are relevant and LVMPD must produce the documents it has provided to the Review Journal and identify which documents within the same are responsive to Plaintiff's Request.

24. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Defendant LVMPD is to disclose the aforementioned documents and supplement its Interrogatory Responses relating thereto by May 3, 2013.

25. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Compel to the Clark County District Attorney's Office (Document #51) is GRANTED IN PART and DENIED IN PART.

26. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that Plaintiff's Motion to Compel to the Clark County District Attorney's Office (Document #51) is GRANTED IN PART and DENIED IN PART.

27. The Court holds that the DA must produce all documents it received from LVMPD when investigating the shooting of Stanley Gibson, with Plaintiff to pay the reasonable costs involved in the production. These documents will be produced pursuant to the Protective Order. *See* Document #36.

28. The Court further holds that the DA must produce a digital copy of the Power Point Presentation that it presented to the Police Fatality Public Factfinding Review.

29. The Court further holds that the DA will provide Plaintiff with an affidavit identifying the documents and notes it generated/drafted when investigating the shooting of Stanley Gibson and identifying any privileges it claims applies to the documents and notes. This affidavit will be produced pursuant to the Protective Order. *See* Document #36.

30. The Court further holds that it will review *in camera* any and all documents and notes the DA generated/drafted in its investigation of the shooting of Stanley Gibson and determine whether or not any of the privileges asserted by the DA are applicable to the documents and notes.

31. IT IS FURTHER ORDERED, ADJUDGED AND DECREED that the DA must produce the aforementioned records by May 3, 2013.

**IT IS SO ORDERED.**

_____
UNITED STATES MAGISTRATE JUDGE
DATED: May 2, 2013.

| PARKER | SCHEER LAGOMARSINO | *Approved:* |
|---|---|

/s/ Daniel M. Ryan, Esq.  /s/ Craig R. Anderson, Esq.

ANDRE M. LAGOMARSINO, ESQ.
Nevada State Bar No. 6711
DANIEL M. RYAN, ESQ.
Nevada State Bar No. 12485
9555 South Eastern Avenue, Suite 210
Las Vegas, Nevada 89123
Phone: (702) 383-2864
Fax: (702) 383-0065
andre@parkerscheer.com
*Attorney for Plaintiff*

Craig R. Anderson, Esq.
MARQUIS AURBACH COFFING
10001 Park Run Drive
Las Vegas, Nevada 89145
Facsimile: (702) 382-5816
*Attorney for Las Vegas Metropolitan Police Department*

*Approved:*

/s/ Barter G. Pace, Esq.

Clark County District Attorney,
Special Assignments
Barter G. Pace, Esq.
Facsimile: (702) 455-2294
barter.pace@clarkcountyda.com