UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| CELESTINE GIBSON, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>LAS VEGAS METROPOLITAN )<br>POLICE DEPARTMENT, *et al*., )<br>)<br>Defendants. )<br>_____) | 2:12-cv-00900-GMN-CWH<br><br>ORDER |

On April 19, 2013, the undersigned conducted a hearing on several discovery motions, including Plaintiff's Motion to Compel (#49). In that motion, plaintiff sought to compel production of the "Internal Affairs Documents involving Jesus Arevalo." *See* Pl.'s Mot. (#49) at 6:12-14. Defendant objected on the grounds that the request was vague, ambiguous and potentially invasive of Jesus Arevalo's privacy rights. *Id*. at 6:14-16. Notwithstanding the objection, a privilege log was attached identifying the "Internal Affair Statements of Complaint lodged against Officer Arevalo." *Id*.

During the April 19, 2013 hearing, Plaintiff's counsel indicated that one of the "overriding themes" of the case is that "officers are not adequately punished for wrongdoing." *See* Tr. of Proceedings (#77) at 33:3-18. The Court agrees with Plaintiff's counsel that, for purposes of discovery and pursuant to the standard set forth in Rule 26(b)(1), relevance in this case is not limited to officer involved shootings, but includes use of force generally. With that understanding, the Court required the *in camera* production of the internal affairs documents related to Officer Arevalo. After review, the Court finds that the internal affairs documents

1  related to the specific statements of complaint identified are not relevant, even under the broad
2  standard of Rule 26.  This holding is specifically limited to the statements that were the subject
3  of the *in camera* review.  Defense counsel is instructed to contact chambers directly to set up a
4  time to retrieve the documents.

**IT IS SO ORDERED**.

DATED: June 14, 2013.

C.W. Hoffman, Jr.
United States Magistrate Judge