1

2

3

4

5

6

7                              UNITED STATES DISTRICT COURT

8                                   DISTRICT OF NEVADA

9                                            * * *

10   CELESTINE GIBSON,                      )
                                            )
11              Plaintiff,                  )          2:12-cv-00900-GMN-CWH
                                            )
12   vs.                                    )          ORDER
                                            )
13   LAS VEGAS METROPOLITAN                 )
     POLICE DEPARTMENT, *et al*.,           )
14                                          )
                Defendants.                 )
15   _____)

16          On April 19, 2013, the undersigned conducted a hearing on several discovery motions,

17   including Plaintiff's Motion to Compel (#49).  In that motion, plaintiff sought to compel

18   production of the "Internal Affairs Documents involving Jesus Arevalo."  *See* Pl.'s Mot. (#49) at

19   6:12-14.  Defendant objected on the grounds that the request was vague, ambiguous and

20   potentially invasive of Jesus Arevalo's privacy rights.  *Id*. at 6:14-16.  Notwithstanding the

21   objection, a privilege log was attached identifying the "Internal Affair Statements of Complaint

22   lodged against Officer Arevalo."  *Id*.

23          During the April 19, 2013 hearing, Plaintiff's counsel indicated that one of the

24   "overriding themes" of the case is that "officers are not adequately punished for wrongdoing."

25   *See* Tr. of Proceedings (#77) at 33:3-18.  The Court agrees with Plaintiff's counsel that, for

26   purposes of discovery and pursuant to the standard set forth in Rule 26(b)(1), relevance in this

27   case is not limited to officer involved shootings, but includes use of force generally.  With that

28   understanding, the Court required the *in camera* production of the internal affairs documents

     related to Officer Arevalo.  After review, the Court finds that the internal affairs documents

related to the specific statements of complaint identified are not relevant, even under the broad standard of Rule 26.  This holding is specifically limited to the statements that were the subject of the *in camera* review.  Defense counsel is instructed to contact chambers directly to set up a time to retrieve the documents.

**IT IS SO ORDERED**.

DATED: June 14, 2013.

_____
C.W. Hoffman, Jr.
United States Magistrate Judge