**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| CELESTINE GIBSON,<br><br>              Plaintiff,<br>vs.<br><br>LAS VEGAS METROPOLITAN POLICE DEPARTMENT, a political subdivision of the State of Nevada; OFFICER JESUS AREVALO, individually; SERGEANT MICHAEL HNATUICK, individually; and LIEUTENANT DAVID DOCKENDORF, individually,<br><br>              Defendants. | Case No.: 2:12-cv-00900-GMN-CWH<br><br>**ORDER** |

Pending before the Court is the Motion to Strike (ECF No. 124) filed by Plaintiff Celestine Gibson ("Plaintiff"). Also pending before the Court is the Motion for Sanctions filed by Defendant Michael Hnatuick (ECF No. 128) and the Motion for Sanctions (ECF No. 130) filed by Defendant David Dockendorf.

## I.    PLAINTIFF'S MOTION TO STRIKE

In her motion, Plaintiff requests that the Court strike three of the four pending motions for summary judgment due to an asserted failure to abide by the page limitations set forth in Local Rule 7-4. Rule 7-4 of the Local Rules of Practice for the District of Nevada requires that all "pretrial and post-trial briefs and points and authorities in support of, or in response to, motions shall be limited to thirty (30) pages including the motion but excluding exhibits." D. Nev. LR 7-4. Therefore, any pages of a motion dedicated to a table of contents, table of authorities, or certificates of service are also not included in this page count.

In her motion, Plaintiff asserts that the Motions for Summary Judgment by Defendant Jesus L. Arevalo (ECF No. 120), Defendant David Dockendorf (ECF No. 122), and Defendant

Michael Hnatuick (ECF No. 123) each exceed the page limit. However, contrary to Plaintif's assertions, only Defendant Arevalo's Motion for Summary Judgment (ECF No. 120) actually exceeds the page limit. The remaining two motions comply with the local rules because the points and authorities in support of each motion end on the thirtieth page. Therefore, the Court DENIES Plaintiff's Motion to Strike as it relates to the Motions for Summary Judgment filed by Defendants Dockendorf Hnatuick. In addition, given that the Court previously granted Defendant Arevalo's Motion for Leave to File Excess Pages, (ECF No. 124), the Court finds that Plaintiff's Motion to Strike as it relates to Defendant Arevalo's Motion is MOOT.

## II. DEFENDANTS' MOTIONS FOR SANCTIONS

The Court has inherent authority to impose sanctions, "including attorneys' fees, . . . 'when the losing party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons . . . .'" *Fink v. Gomez*, 239 F.3d 989, 991 (9th Cir. 2001) (quoting *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 766 (1980)). However, having reviewed the Motions filed by Defendant Hnatuick (ECF No. 128) and Defendant Dockendorf (ECF No. 130), the Court finds that sanctions are not warranted in this instance.

## III. CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion to Strike (ECF No. 124) is **DENIED**.

**IT IS FURTHER ORDERED** that Defendant Michael Hnatuick's Motion for Sanctions (ECF No. 128) and Defendant David Dockendorf's Motion for Sanctions (ECF No. 130) are **DENIED.**

**DATED** this __14__ day of __January__, 2014.

_____
Gloria M. Navarro, Chief Judge
United States District Judge